```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-13-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIO BAEZ ROMERO,

                Plaintiff,

    - against -

DHL EXPRESS, INC., et al.,

                Defendants.

MEMORANDUM
OPINION AND ORDER

12 Civ. 1942 (LAK) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

Before the Court is Plaintiff Baez Romero's application to take additional depositions. Defendants DHL Express ("DHL") and Local 295 I.B.T. ("Local 295") object to Baez Romero's application. For the reasons that follow, Baez Romero's request is **DENIED.**

## I. BACKGROUND

On April 30, 2012, Baez Romero filed the Complaint in this case. On September 18, 2012, Baez Romero amended his Complaint. (Docket No. 64.) On April 2, 2013, District Judge Kaplan referred the case to the undersigned for general pretrial matters. On September 19, 2013, John Lambros, then counsel for Baez Romero, requested permission to withdraw as counsel. Baez Romero proceeded to represent himself *pro se*. At a September 27, 2013 telephone conference, the Court ordered the Parties to reschedule the depositions previously scheduled when Baez Romero had been represented by counsel and ordered Baez Romero to (1) attend the depositions scheduled for October 4, 2013; (2) contact the Pro Se Office to obtain the necessary information to take and schedule depositions; and (3) make a written application to the Court as to additional depositions he wished to take. (Docket No. 90.) On September 30, 2013, Baez Romero wrote a letter to the Court requesting permission to depose (1) Frank Ayala; (2) Jack

Ruggiero; (3) Bill Santiago; and (4) John Nuttall. (Docket No. 87.) DHL objected to the depositions of Ayala, Santiago, and Nuttall. (Docket No. 88.) Local 295 objected to Ruggiero's deposition. (Docket No. 89.)

Baez Romero also indicated in his September 30, 2013 letter that he believed the Defendants had already agreed to depositions of three other individuals–John Montecalvo, Jide Dawodu, and Ignacio Garcia–but in case Defendants ever challenge those depositions, he requested the Court's leave to take those depositions as well. (Docket No. 87.) Defendants have not indicated any objections to Montecalvo, Dawodu, or Garcia, and this Memorandum Opinion addresses the depositions of Ayala, Ruggiero, Santiago, and Nuttall.

## II. DISCUSSION

Baez Romero is entitled to discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Baez Romero's claims against DHL are disability discrimination, lack of accomodation, national origin discrimination, hostile work environment, and wrongful termination. (Docket No. 64.) Baez Romero's claims against Local 295 are breach of fair representation. (*Id.*)

Baez Romero asserts that Ayala "was the senior DHL human resources agent who handled [his] complaints of worked [sic] place discrimination." (Docket No. 87.) He states that he "contacted [Ayala] and reported my discriminatory complaints that I labeled against management," and that he is claiming "that Mr. Ayala failed to follow through with his responsibilities such as investigating complaints." (*Id.*) Although the record indicates, and Defendants do not dispute, that grievances were filed by Baez Romero and handled by Ayala, there is no indication in the record that the grievances were related to discrimination on the basis of any category mentioned in the Complaint, or any other protected category. Accordingly, there

is no indication that Ayala's testimony would be relevant to Baez Romero's claims against DHL. Therefore, Baez Romero's request to depose Ayala is **DENIED.**

Baez Romero requests leave to depose Bill Santiago ("Santiago") because "[h]e is an ex coworker" who is "currently employed by DHL" and who was working a "similar schedule" to him and "performing the same tasks" during the period that he complained of discrimination. (*Id.*) Simply being a coworker, working a similar schedule, and performing the same tasks does not indicate that Santiago is in possession of any information relating to any party's claim or defense. Additionally, there is no indication in the record that Santiago's testimony would be relevant to Baez Romero's claims. Therefore, Baez Romero's request to depose Santiago is **DENIED.**

Baez Romero requests leave to depose John Nuttall ("Nuttall") because "[h]e was the DHL Labor relations agent [who] upheld John Montecalvo's decision to terminate my employment." (*Id.*) Baez Romero wrote in his letter: "[Nuttall] handled the Step Two Hearing along with Mr. Montecalvo. Mr. Nuttall had the responsibility to weigh in [sic] all the facts and make a decision regarding my job of 20 years with DHL." (*Id.*) The fact that Nuttall handled the Step Two hearing does not indicate that his testimony would be relevant to Baez Romero's claims. There is no indication in the record that Nuttall had any personal knowledge of the underlying facts that led to the Step Two hearing. Therefore, Baez Romero's request to depose Nuttall is **DENIED.**

Baez Romero requests leave to depose Jack Ruggiero ("Ruggiero") because "[h]e was the Union business agent that was in charge of investigating my work place discrimination claims" and because he is cited in the Amended Complaint as "someone who turned around and discriminated against me by neglecting his duties to follow through with the investigation of my

work place discrimination . . . ." (*Id.*) Baez Romero's claims against Local 295 do not include employment discrimination. Accordingly, allegations that Ruggiero discriminated against Baez Romero do not support Baez Romero's argument that his testimony would be relevant to any party's claim or defense. Additionally, Local 295 has already agreed to the deposition of Ignacio Garcia, the Local 295 shop steward. (Docket No. 89.) There is no indication in the record that Jack Ruggiero is in possession of information relevant to any party's claim or defense that Ignacio Garcia would not also be able to provide. Therefore, Baez Romero's request to depose Ruggiero is **DENIED.**

**SO ORDERED this 12th day of December 2013**
**New York, New York**

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge