UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIO BAEZ ROMERO,

               Plaintiff,

- against -

DHL EXPRESS, INC., et al.,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-6-14

MEMORANDUM
OPINION & ORDER

12 Civ. 1942 (LAK) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* Plaintiff Mauricio Baez Romero ("Baez Romero") brings this action for employment discrimination and breach of the duty of fair representation against Defendants DHL Express, Inc. ("DHL") and Local 295, I.B.T. ("Local 295). Before the Court is Baez Romero's motion for reconsideration, (Docket Nos. 105, 107), of the Court's decision to deny his request for additional depositions. (Docket No. 99.) For the reasons that follow, Baez Romero's request is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

On September 30, 2013, Baez Romero requested permission to depose additional individuals. (Docket No. 87). DHL objected to Baez Romero's request to depose Frank Ayala ("Ayala"), Bill Santiago ("Santiago"), and John Nuttall ("Nuttall"), (Docket No. 88), and Local 295 objected to his request to depose Jack Ruggiero ("Ruggiero"). (Docket No. 89.) On December 12, 2013, the Court denied Baez Romero's motion. (Docket No. 99.) On December 30, 2013, Baez Romero filed a motion for reconsideration of the Court's decision, arguing that Defendants had previously agreed to the depositions of Santiago and Nuttall. (Docket No. 105.) The Parties appeared before the Court on January 8, 2014 for a telephone conference. At the

telephone conference, Baez Romero asserted that he had an email from his former attorney, John Lambros ("Lambros"), which demonstrated that Defendants had agreed to the depositions of Santiago and Nuttall. Defendants argued that Baez Romero should not be able to depose Santiago and Nuttall because this Court had already denied his application to depose them. On January 15, 2014, the Court received a letter from Baez Romero in which he asked the Court again to reconsider its denial of his request to depose Ayala and to which he attached a copy of an email from Lambros concerning the depositions of Santiago and Nuttall. (Docket No. 107.) The email, dated September 25, 2013, and addressed to "Mauricio Baez," stated: "Again, please do not allow the defendants to avoid producing Santiago and Nuttell [sic] for deposition. They are necessary and the defendants agreed to produce them." (*Id.*) The Defendants did not file a response to this letter.

## DISCUSSION

To prevail on a motion for reconsideration, a movant must show that the court overlooked factual matters or controlling precedent "that might have materially influenced its earlier decision." *Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 473 (S.D.N.Y. 1996) (citing *Morser v. AT&T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). This criteria is strictly construed against the moving party. *See Monaghan v. SZS 33 Assoc., L.P.*, 153 F.R.D. 60, 65 (S.D.N.Y. 1994); *New York News Inc. v. Newspaper and Mail Deliverers' Union of New York*, 139 F.R.D. 294, 294-95 (S.D.N.Y. 1991), *aff'd*, 972 F.2d 482 (2d Cir. 1992). A motion for reconsideration is not a "forum for new theories or for 'plugging the gaps of a lost motion with additional matters.'" *CMNY Capital, L.P. v. Deloitte & Touche*, 821 F. Supp. 152, 162 (S.D.N.Y. 1993) (citing *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833,

833 (S.D.N.Y. 1989)). Further, reconsideration is not a vehicle for the losing party to argue that "the Court improperly weighed and construed the facts." *See Davidson v. Scully*, 172 F. Supp. 2d 458, 463 (S.D.N.Y. 2001). Motions for reconsideration lie within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *see also* FED. R. CIV. P. 72(a); LOCAL CIV. R. 6.3 (providing instruction on content and service of motions for reconsideration).

The Court finds credible evidence that Defendants previously agreed to allow Baez Romero to depose Bill Santiago and John Nuttall, and that this constitutes new factual matter that would have materially influenced the Court's decision. The Parties' agreement that a deposition will take place is compelling evidence that the Parties had concluded that the witnesses could provide relevant testimony. The Court finds this more probative than the determination made by the Court based on the submissions by Baez Romero as a *pro se*. Baez Romero's motion for reconsideration is therefore **GRANTED** with respect to Santiago and Nuttall.

With respect to Ayala and Ruggiero, Baez Romero's requests for reconsideration do not demonstrate that the Court has overlooked any factual matters or controlling precedent that might have materially influenced its earlier decision. Baez Romero argues that Ayala was the "senior human resources individual" responsible for investigating his complaints about DHL Express. (Docket Nos. 105, 107) With respect to Ruggiero, Baez Romero restates his argument that Ruggiero was involved in investigating his grievances for the union. In sum, Baez Romero indicates that he disagrees with the Court's decision, but that alone is not a basis for reconsideration. Therefore, with respect to Ayala and Ruggiero, Baez Romero's request for reconsideration is **DENIED.**

## CONCLUSION

Baez Romero's motion for reconsideration of the Court's decision denying his request to take additional depositions is **GRANTED** with respect to Santiago and Nuttall and **DENIED** with respect to Ayala and Ruggiero. The Parties are ordered to schedule the depositions for Santiago and Nuttall by February 21, 2014, and the depositions must take place before March 17, 2014. This resolves Docket Entries Number 105 and 107.

**SO ORDERED this 6th day of February 2014**
**New York, New York**

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge