UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIO BAEZ ROMERO,

                            **Plaintiff,**

            - against -

DHL EXPRESS, INC., et al.,

                          **Defendants.**

MEMORANDUM
OPINION AND ORDER

12 Civ. 1942 (VEC) (RLE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-2-14

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* Plaintiff Mauricio Baez Romero ("Baez Romero") brings this action for employment discrimination and breach of the duty of fair representation against Defendants DHL Express, Inc. ("DHL") and Local 295, I.B.T. ("Local 295"). The action was referred to the undersigned for general pretrial matters on April 2, 2013. (Docket No. 74.) Before the Court is Baez Romero's request for a conference to discuss discovery issues and request for sanctions against DHL. For the reasons that follow, Baez Romero's requests are **DENIED**, discovery is declared completed as of the date of this Memorandum Opinion And Order, and the Parties are instructed to file a pretrial order in accordance with Judge Caproni's Individual Rules.

## I. BACKGROUND

On March 12, 2014, the Parties appeared before the Court for a telephone conference. (Minute Entry, March 12, 2014.) At the conference, the Court ordered all previously ordered depositions to proceed. All discovery has now been completed with the exception of Baez Romero's deposition of Jide Dawodu. (Docket No. 118.) Baez Romero began to depose Dawodu on March 21, 2014, but when Dawodu became too tired to continue, the Parties rescheduled the completion of the deposition for April 14, 2014. (*Id.*) On April 14, Baez

Romero refused to complete Dawodu's deposition until DHL produced Dawodu's personnel files, a request Baez Romero had made previously, and to which DHL had objected. (*Id.*) In a letter dated April 15, 2014, DHL informed the Court that Baez Romero had refused to complete the Dawodu deposition. (*Id.*) In response, Baez Romero wrote to the Court on April 17, 2014, raising several discovery issues to the Court for the first time, and requesting sanctions against DHL. (Docket No. 119.) He asserted that DHL's counsel had behaved unethically because: (1) shareholders in counsel's firm improperly held prominent positions at DHL;[1] (2) counsel misled him about the origins of a videotape presented at an arbitration hearing connected with his termination; and (3) counsel was abusive and unprofessional during depositions, and coached a witness not to answer certain questions during a deposition. (*Id.*) Baez Romero further asserted that the Dawodu deposition was improperly re-scheduled because Dawodu was not actually too tired to complete it on March 21, 2014. (*Id.*) With respect to his request for personnel files, Baez Romero claimed that he requested the files to confirm DHL's claim that Dawodu had been disciplined for an incident at work that occurred on August 2, 2011. (*Id.*) Baez Romero did not dispute DHL's assertion that he had asked for the personnel files previously and that DHL had already objected to the request. (*Id.*) Finally, Baez Romero asserted that Defendants had not produced "any document[s]" that he is entitled to in discovery, including in response to requests made by his former attorney prior to the attorney's withdrawal from the case. (*Id.*) On April 25, 2014, DHL wrote a letter to the Court objecting to Baez Romero's characterization of its conduct, and requesting a pretrial conference to set a briefing schedule for a motion for summary judgment. (Docket No. 120.) On April 28, 2014, Baez Romero wrote a letter to the Court

---

[1] Baez Romero writes: "This law firm represents DHL nationwide. Littler Mendelsohn shareholders also have held prominent positions at DHL . . ." (Docket No. 119 at 2.)

2

objecting to what he characterized as DHL's counsel's refusal to respond to his claims, and requesting an in-person conference. (Docket No. 121.)

## II. DISCUSSION

Baez Romero has not shown just cause for his failure to complete Dawodu's deposition as scheduled. He has not demonstrated any prejudice that would result from his deposing Dawodu without access to his personnel files. Even if the Court were to find that the issues Baez Romero raises in his April 17, 2014 letter might have merit, he has not shown how these issues have any material impact on his ability to take Dawodu's deposition.

Furthermore, Baez Romero has not shown just cause for his failure to bring these discovery issues to the Court's attention prior to April 17, 2014. Baez Romero has raised discovery issues to the Court before, and the Court has addressed the issues as they were raised. The Parties appeared before the Court to discuss discovery issues at conferences on September 27, 2013, December 16, 2013, January 8, 2014, and March 12, 2014. The Court has made clear to Baez Romero that he must raise any discovery issues with the Court, and that it is not sufficient to raise the issues with opposing counsel. Therefore, Baez Romero's requests for a conference and sanctions against DHL are **DENIED.** Discovery is ordered closed. The Parties are instructed to file a pretrial order in accordance with Judge Caproni's Individual Rules. This resolves Docket Numbers 119, 120, and 121.

**SO ORDERED this 30th day of May 2014**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

**MAILED BY CHAMBERS**