UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICIO BAEZ ROMERO,

            Plaintiff,

    - against -

DHL EXPRESS, INC., et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

12cv1942 (VEC) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* Plaintiff Mauricio Baez Romero ("Baez Romero") brings this action for employment discrimination and breach of the duty of fair representation against Defendants DHL Express, Inc. ("DHL") and Local 295, I.B.T. ("Local 295"). The action was referred to the undersigned for general pretrial matters on April 2, 2013. (Docket No. 74.) Before the Court is Baez Romero's motion for reconsideration of the Court's June 2 Memorandum Opinion And Order denying Baez Romero's request for a conference and sanctions against DHL, ordering discovery completed, and ordering the Parties to file a pretrial order in accordance with Judge Caproni's Individual Rules. For the reasons that follow, Baez Romero's motion for reconsideration is **DENIED**.

## I. DISCUSSION

To prevail on a motion for reconsideration, a movant must show that the court overlooked factual matters or controlling precedent "that might have materially influenced its earlier decision." *Robins v. Max Mara, U.S.A., Inc.*, 923 F. Supp. 460, 473 (S.D.N.Y. 1996) (citing *Morser v. AT&T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989)). This criteria is strictly construed against the moving party. *See Monaghan v. SZS 33 Assoc., L.P.*, 153 F.R.D.

60, 65 (S.D.N.Y. 1994); *New York News Inc. v. Newspaper and Mail Deliverers' Union of New York*, 139 F.R.D. 294, 294-95 (S.D.N.Y. 1991), *aff'd*, 972 F.2d 482 (2d Cir. 1992). A motion for reconsideration is not a "forum for new theories or for 'plugging the gaps of a lost motion with additional matters.'" *CMNY Capital, L.P. v. Deloitte & Touche*, 821 F. Supp. 152, 162 (S.D.N.Y. 1993) (citing *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 833 (S.D.N.Y. 1989)). Further, reconsideration is not a vehicle for the losing party to argue that "the Court improperly weighed and construed the facts." *See Davidson v. Scully*, 172 F. Supp. 2d 458, 463 (S.D.N.Y. 2001). Motions for reconsideration lie within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *see also* FED. R. CIV. P. 72(a); LOCAL CIV. R. 6.3 (providing instruction on content and service of motions for reconsideration).

Baez Romero's request for reconsideration does not demonstrate that the Court has overlooked any factual matters or controlling precedent that might have materially influenced its earlier decision. He argues that he wrote to the Court several times regarding Defendants' failure to produce discovery, including on January 15, 2014, and that the Court did not address the issues raised in his January 15 letter. (Docket No. 124, at 2.) This argument is without merit. The Court addressed the issues raised in the January 15, 2014 letter in its March 12, 2014 Telephone Conference with the Parties. Furthermore, Baez Romero does not demonstrate that the Court overlooked any factual matters in the letter that might have materially influenced its decision.

Baez Romero further argues that Defendants delayed in providing him with document discovery until depositions had passed, (*id.* at Ex. DC1, DC2), and that he provided exhibits in his January 15 letter that "illustrat[ed] the manipulation of evidence from defendants." (*Id.*)

2

This argument also does not demonstrate that the Court overlooked any factual matters that might have materially influenced its decision. Indeed, Baez Romero has repeatedly requested the Court to compel Defendants to produce discovery, and the Court responded to Baez Romero's requests as it received them. Baez Romero may not use the vehicle of a motion for reconsideration for re-arguing issues already decided. *See Davidson v. Scully*, 172 F. Supp. 2d 458, 463 (S.D.N.Y. 2001). Because he has not demonstrated that the Court overlooked any specific facts or controlling precedent, his argument is without merit.

Baez Romero also claims that Defendants have misinformed the Court. (Docket No. 124, at 3.) In his reply, he asserts that Defendants' counsel lied to the Court about the timing of when Baez Romero requested document discovery from him, and the reason for the rescheduling of the Dawodu deposition. (Docket No. 126, at 2, 4.) However, these assertions, even if assumed to be true, are not facts that would have materially influenced the Court's decision. Therefore, this argument is without merit.

Baez Romero asserts that he "should not have been pressured to conduct depositions under the circumstances." (*Id.* at 3.) However, as previously discussed, Baez Romero may not prevail on a motion for reconsideration by re-arguing issues already decided. The Court ordered depositions to proceed at the March 12, 2014 Telephone Conference; therefore, this issue has already been decided.

He claims that the Court failed to address material issues he raised in his April 17, 2014 letter, such as counsel for DHL's alleged lying to the Court. (*Id.* at 3.) However, this is the very issue the Court decided in the opinion for which Baez Romero seeks reconsideration. The Court declined to address the issues raised in the April 17, 2014 letter because it found that Baez Romero had not shown just cause for his failure to bring the issues to the Court's attention prior

3

to April 17, 2014. Baez Romero may not prevail on his motion for reconsideration by relitigating this issue.

In his reply, Baez Romero argues that just cause exists for his failure to provide court-ordered documentation regarding alleged witness intimidation, because the witnesses in question were too afraid to document the intimidation. (*Id.* at 5.) However, if this were the case, Baez Romero should have raised this issue to the Court earlier. He has not demonstrated just cause for his failure to do so.

## CONCLUSION

For the foregoing reasons, Baez Romero's motion for reconsideration is **DENIED.**

**SO ORDERED this 7th day of August 2014
New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis
United States Magistrate Judge**